832 A.2d 913

IN THE MATTER OF ARNOLD I. KALMAN, A
PENNSYLVANIA ATTORNEY AT LAW.

October 20, 2003.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 03–133, concluding that **ARNOLD I. KALMAN** of **PHILADELPHIA, PENNSYLVANIA** should be barred from being admitted to appear *pro hac vice* in this State for a period of one year for conduct in violation of *RPC* 1.7(a) (representation of clients with adverse interests), *RPC* 1.7(b) (representation that is materially limited by lawyer's responsibilities to another client), *RPC* 1.8(f) (lawyer shall not accept compensation from one other than the client absent client consent), *RPC* 3.3(a)(5) (knowing failure to disclose to tribunal a material fact with knowledge that the tribunal may be mislead thereby), *RPC* 3.4(d) (failure to make reasonably diligent efforts to comply with legally proper discovery requests), *RPC* 8.4(c) (dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And good cause appearing;

It is ORDERED that **ARNOLD I. KALMAN** shall not be permitted to appear *pro hac vice* in the courts or tribunals in the State of New Jersey for a period of one year, effective immediately, and until the further Order of the Court; and it is further

ORDERED that **ARNOLD I. KALMAN** shall pay all annual fees required by the order that granted respondent *pro hac vice* admission in *Food Sciences Corporation v. Sabatura,* BUR–C–000022–99 and pursuant to *Rule* 1:20–1(b) and *Rule* 1:28–2, including all applicable late fees and penalties, failing which respondent's *pro hac vice* privileges shall not be restored; and it is further

ORDERED that **ARNOLD I. KALMAN** reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.